UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. MALLOY, | No. 2:20-cv-0618 DB |
| Plaintiff, | |
| v. | ORDER |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security,[1] | |
| Defendant. | |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[2] Plaintiff's motion argues that the Administrative Law Judge erred with respect to the treatment of plaintiff's subjective testimony and by finding that plaintiff could perform past relevant work.

////

////

---

[1] After the filing of this action Kilolo Kijakazi was appointed Acting Commissioner of Social Security and has, therefore, been substituted as the defendant. See 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

[2] Both parties have previously consented to Magistrate Judge jurisdiction over this action pursuant to 28 U.S.C. § 636(c). (See ECF No. 18.)

1

For the reasons explained below, plaintiff's motion is granted, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings.

**PROCEDURAL BACKGROUND**

In September of 2014, plaintiff filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on March 10, 2014. (Transcript ("Tr.") at 110.) On September 22, 2016, an Administrative Law Judge ("ALJ") found that plaintiff had not been disabled through September 22, 2016. (Id. at 119.)

In December of 2016, plaintiff again filed an application for DIB, alleging disability beginning on March 10, 2014. (Id. at 237.) Plaintiff's application was denied initially, (id. at 152-56), and upon reconsideration. (Id. at 159-64.) Plaintiff requested an administrative hearing, which was held before an ALJ on August 31, 2018. (Id. at 81-106.) Plaintiff was represented by an attorney and testified at the administrative hearing. (Id. at 81-84.) In a decision issued on December 17, 2018, the ALJ found that plaintiff was not disabled. (Id. at 24.) The ALJ entered the following findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through March 31, 2019.
>
> 2. The claimant has not engaged in substantial gainful activity since March 10, 2014, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> 3. The claimant has the following severe impairments: lumbar and cervical degenerative disc disease and hip, neck and back arthritis. (20 CFR 404.1520(c)).
>
> 4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).
>
> 5. After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except he must also be allowed to alternate to standing for 5 minutes after every 30 minutes of sitting. The claimant is also limited to frequent climbing of ramps, stairs, ladders, ropes, or scaffolds and frequent balancing, stooping, kneeling, crouching and crawling.

> 6. The claimant is capable of performing past relevant work as a graphic designer. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565).
>
> 7. The claimant has not been under a disability, as defined in the Social Security Act, from March 10, 2014, through the date of this decision (20 CFR 404.1520(f)).

(Id. at 18-23.)

On January 22, 2020, the Appeals Council denied plaintiff's request for review of the ALJ's December 17, 2018 decision. (Id. at 1-5.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on March 21, 2020. (ECF. No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

Plaintiff's pending motion argues that the ALJ committed the following two principal errors: (1) the ALJ erroneously rejected plaintiff's subjective testimony; and (2) the ALJ failed to properly evaluate plaintiff's ability to do past relevant work. (Pl.'s MSJ (ECF No. 10) at 7-16.[3])

### I. Plaintiff's Subjective Testimony

Plaintiff argues that the ALJ's decision to reject plaintiff's testimony was a "boilerplate paragraph," that "merely regurgitate[d] Mr. Malloy's own testimony; it doesn't contradict it." (Id. at 7-8.) Review of the ALJ's decision finds plaintiff's argument well taken. The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other

---

[3] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

> symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so[.]

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking[.]" Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."[4] Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792

////

---

[4] In March 2016, Social Security Ruling ("SSR") 16-3p went into effect.  "This ruling makes clear what our precedent already required: that assessments of an individual's testimony by an ALJ are designed to 'evaluate the intensity and persistence of symptoms after the ALJ finds that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms,' and not to delve into wide-ranging scrutiny of the claimant's character and apparent truthfulness." Trevizo v. Berryhill, 871 F.3d 664, 679 (9th Cir. 2017) (quoting SSR 16-3p) (alterations omitted).

1  (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the

2  record, the court "may not engage in second-guessing." Id.

3  Here, the ALJ recounted plaintiff's testimony at length as follows:

> The claimant reported in a February 2017 Exertion Questionnaire that chronic pain prevented him from sitting, standing or walking for long periods of time and that repetitive bending, twisting or lifting create severe pain. He noted that he delegates minor chores and moderates his activities to short intervals, resting when needed. He stated that he naps in the afternoon to make up on sleep and cooks dinner. He reported that he can lift and carry groceries; drives for 20 minutes; tries to mow and maintain his lawn; and enjoys spending time in the yard and doing home maintenance.
>
> The claimant testified that he uses a back and compression brace that is not prescribed, but helps with sleep. He reported that he can read and write; perform his own hygiene and grooming; cook; do moderate cleaning; drive; and grocery shop. He noted that he has lumbar spine degenerative disc disease and is in constant pain for which he takes Ibuprofen and does not take Oxycodone unless necessary. He stated that he has had physical therapy and steroid injections that helped for 3 months, but remedial nerve blocks made things worse. He reported that he was currently doing acupuncture and cupping which helps him relax and with secondary pain. He noted that pain from neck degenerative disc disease is occasional and if he leans too far forward and he has arthritis in his hips, neck and lumbar that is all the same. He stated that he takes calcium and vitamin C for bone degeneration; still has difficulty sitting due to back pain and has to change position and move around after 25 minutes; walks crooked; and can stand for 20-25 minutes. He reported that he naps daily for 20 minutes and is able to perform chores as mopping and mowing the lawn for about an hour and gets leg pain to his knees.

19  (Tr. at 20.)

20  The ALJ then found that plaintiff's "medically determinable impairments could

21  reasonably be expected to cause the alleged symptoms" but that plaintiff's "statements

22  concerning the intensity, persistence and limiting effects of these symptoms are not entirely

23  consistent with the medical evidence and other evidence in the record for the reasons explained in

24  this decision."[5] (Id. at 21.)

---

[5] "ALJs routinely include this statement in their written findings as an introduction to the ALJ's credibility determination" before "identify[ing] what parts of the claimant's testimony were not credible and why." Treichler v. Comm'r of Soc. Sec. Admin., 775 F.3d 1090, 1103 (9th Cir. 2014). "The use of this generic language is not itself reversible error . . . but it inverts the responsibility of an ALJ, which is first to determine the medical impairments of a claimant based on the record and the claimant's credible symptom testimony and only then to determine the

6

The ALJ went on to assert that plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms are inconsistent." (Id.) The ALJ then stated that although plaintiff testified to experiencing "discomfort in his back and joints, there are no indications of major joint swelling, deformity or restrictions in movement," and that plaintiff could "walk and move . . . in a satisfactory manner." (Id.)

However, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Lingenfelter, 504 F.3d at 1036 ("the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

The ALJ went on to do nothing more than repeat plaintiff's testimony, without any explanation as to how the testimony was in any way inconsistent. (Id.) The closest the ALJ came to articulating an inconsistency was a reference to plaintiff's daily activities of cooking, carrying groceries, driving for 20 minutes, performing "his own hygiene and grooming," etc. (Id.)

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons ... and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

---

claimant's RFC. By rejecting a claimant's subjective symptoms 'to the extent they are inconsistent with the above residual functional capacity assessment,' the agency indicates that it is failing properly to incorporate a claimant's testimony regarding subjective symptoms and pain into the RFC finding, as it is required to do." Trevizo, 871 F.3d at 679 n.6.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012).

In this regard, the Ninth Circuit "has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001); see also Garrison v. Colvin, 759 F.3d 995, 1016 (9th Cir. 2014) (citation omitted) ("[I]mpairments that would unquestionably preclude work and all the pressures of a workplace environment will often be consistent with doing more than merely resting in bed all day."); Howard v. Heckler, 782 F.2d 1484, 1488 (9th Cir. 1986) ("to find Howard's claim of disability gainsaid by his capacity to engage in periodic restricted travel, as the Council seems to have done, trivializes the importance that we consistently have ascribed to pain testimony").

Under these circumstances the Court cannot find that the ALJ provided a clear and convincing reason for rejecting plaintiff's testimony. See Smith v. Kijakazi, 14 F.4th 1108, 1113 (9th Cir. 2021) ("to reject the specific portions of the claimant's testimony that the ALJ has found not to be credible, we require that the ALJ provide clear and convincing reasons relevant to that portion"); Brown-Hunter v. Colvin, 806 F.3d 487, 494 (9th Cir. 2015) ("Our review of the ALJ's written decision reveals that she did not specifically identify any such inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination. This is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited."); Treichler, 775 F.3d at 1103 ("An ALJ's 'vague allegation' that a claimant's testimony 'is not consistent with the objective medical evidence,' without any 'specific findings in support' of that conclusion is insufficient for our review."); Christine G. v. Saul, 402 F.Supp.3d 913, 925 (C.D. Cal. 2019) ("the ALJ did not identify the testimony she was discounting and 'link that testimony to the particular parts of the record' supporting her determination").

Accordingly, the Court finds that plaintiff is entitled to summary judgment on the claim that the ALJ's treatment of plaintiff's subjective testimony constituted error.

## II. Step Four Error

Plaintiff also challenges the ALJ's finding at step four of the sequential evaluation that plaintiff could perform past relevant work as a graphic designer. (Pl.'s MSJ (ECF No. 10) at 8-16.) "At step four, claimants have the burden of showing that they can no longer perform their past relevant work." Pinto v. Massanari, 249 F.3d 840, 844 (9th Cir. 2001). "Past relevant work is work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 C.F.R. § 404.1560(b)(1). Work performed more than 15 years prior is generally not considered by the Commissioner because a "gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply." 20 C.F.R. § 404.1565(a).

Here, the ALJ found that plaintiff's "residual functional capacity for light work" rendered plaintiff "capable of performing past relevant work" as a graphic designer. (Tr. at 23.) A claimant's residual functional capacity ("RFC") is "the most [the claimant] can still do despite [his or her] limitations." 20 C.F.R. § 404.1545(a); 20 C.F.R. § 416.945(1); see also Cooper v. Sullivan, 880 F.2d 1152, n.5 (9th Cir. 1989) ("A claimant's residual functional capacity is what he can still do despite his physical, mental, nonexertional, and other limitations."). In conducting an RFC assessment, the ALJ must consider the combined effects of an applicant's medically determinable impairments on the applicant's ability to perform sustainable work. 42 U.S.C. § 423(d)(2)(B); Macri v. Chater, 93 F.3d 540, 545 (9th Cir. 1996). The ALJ must consider all of the relevant medical opinions as well as the combined effects of all of the plaintiff's impairments, even those that are not "severe." 20 C.F.R. §§ 404.1545(a); 416.945(a); Celaya v. Halter, 332 F.3d 1177, 1182 (9th Cir. 2003). "[A]n RFC that fails to take into account a claimant's limitations is defective." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 690 (9th Cir. 2009). The ALJ must determine a claimant's limitations on the basis of "all relevant evidence in the record." Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).

Here, because of the ALJ's error with respect to plaintiff's testimony, the Court cannot say that the ALJ's RFC determination was based on all relevant evidence in the record. Accordingly, plaintiff is also entitled to summary judgment on this claim. See March v.

9

Commissioner of Social Sec. Admin., 462 Fed. Appx. 671, 674 (9th Cir. 2011) ("The ALJ's errors in constructing his RFC assessment preclude affirmance of his finding at Step 4.")

**CONCLUSION**

After having found error, "'[t]he decision whether to remand a case for additional evidence, or simply to award benefits[,] is within the discretion of the court.'" Trevizo v. Berryhill, 871 F.3d 664, 682 (9th Cir. 2017) (quoting Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987)). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison v. Colvin, 759 F.3d 995, 1020 (9th Cir. 2014).

Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, based on the record and the nature of the ALJ's error, the Court cannot find that further proceedings would serve no useful purpose. This matter, therefore, will be remanded for further proceedings consistent with this order.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 10) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 14) is denied;

////

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with the order; and

5. The Clerk of the Court shall enter judgment for plaintiff and close this case.

Dated: February 19, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\malloy0618.ord